

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Craig Carpenito
United States Attorney

Anthony Moscato
Assistant U.S. Attorney

970 Broad Street, Suite 700
Newark, New Jersey 07102

Phone: 973-645-2752
Fax:   973-645-3497

December 19, 2018

Jack D. Arseneault, Esq.
Arseneault & Fassett, LLP
560 Main Street
Chatham, New Jersey 07928

19-69

Re: <u>Plea Agreement with Arthur N. Martin III</u>

Dear Mr. Arseneault:

This letter sets forth the plea agreement between your client, Arthur N. Martin III, and the United States Attorney for the District of New Jersey ("this Office"). The offer contained in this plea agreement will expire on January 11, 2019, unless such offer is otherwise extended by this Office.

<u>Charge</u>

Conditioned on the understandings specified below and under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from Mr. Martin to an Information that charges him with conspiracy to commit bank fraud, contrary to Title 18, United States Code, Section 1344, in violation of Title 18, United States Code, Section 1349.

If Mr. Martin enters a guilty plea and is sentenced to a term of three years' probation and a $12,000 fine due on the date of sentencing, and otherwise fully complies with all of the terms of this agreement, then this Office will not initiate any further criminal charges against Mr. Martin for the criminal conduct alleged in the Information and the Criminal Complaint, Criminal Number: 18-7038 (CLW). In the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Mr. Martin agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Mr. Martin may be commenced against him, notwithstanding the expiration of the limitations period after Mr. Martin signs the agreement.

Should the Court at any time reject this plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, then either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. This Office will advise the Court and the United States Probation Department of information related to sentencing, and such information may be used by the Court in determining an appropriate sentence for Mr. Martin. In the event that the Court defers a decision to accept the plea or plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this agreement unless or until the Court ultimately determines to reject the proposed plea or plea agreement.

## Sentencing

The violation of Title 18, United States Code, Section 1349 to which Mr. Martin agrees to plead guilty carries a statutory maximum prison sentence of thirty years and a statutory maximum fine equal to the greatest of: (1) $1 million; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and Mr. Martin agree that a sentence of three years' probation and a $12,000 fine due on the date of sentencing is the appropriate disposition of this case and constitutes a reasonable sentence that is sufficient, but not greater than necessary, taking into account all of the factors set forth in Title 18, United States Code, Section 3553(a). Accordingly, if the Court accepts this plea agreement, then Mr. Martin must be and will be sentenced to three years' probation and be ordered to pay $12,000 fine due on the date of sentencing.

Further, in addition to imposing any other penalty on Mr. Martin, the sentencing judge: (1) will order Mr. Martin to pay an assessment of $100 pursuant to Title 18, United States Code, Section 3013, which assessment must be paid by the date of sentencing; (2) may order Mr. Martin to pay restitution pursuant to Title 18, United States Code, Section 3663 et seq.; and (3) may order Mr. Martin, pursuant to Title 18, United States Code, Section 3555, to give notice to any victims of his offense. Because this plea agreement is entered under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and the parties agree to a sentence of three years' probation, Mr. Martin will not be placed on a term of supervised release, provided the Court accepts the plea agreement.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Mr. Martin by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mr. Martin's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Mr. Martin agree to stipulate at sentencing to the statements set forth in the attached Schedule A that is hereby made a part of this plea agreement. Factual stipulations do not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. In addition, to the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of any such fact or conclusion.

The stipulations concerning the appropriate sentence in this case are offered as a recommendation to the Court, and it binds the Court once, and if, the Court accepts this plea agreement. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

Mr. Martin knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255 that challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is in accordance with the terms of this agreement.

This Office will not file any appeal, motion or writ that challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is in accordance with the terms of this agreement. Furthermore, if the Court accepts the terms of this plea agreement, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraphs and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

## Immigration Consequences

Mr. Martin understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Mr. Martin understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Mr. Martin wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Mr. Martin understands that he is bound by this guilty plea regardless of any immigration consequences of the plea. Accordingly, Mr. Martin waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mr. Martin. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Mr. Martin.

No provision of this agreement shall preclude Mr. Martin from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Mr. Martin received constitutionally ineffective assistance of counsel.

Before the date of sentencing, Mr. Martin shall: (1) file true and accurate amended personal and corporate tax returns, if applicable, for calendar years 2012 through the present; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes (including interest and penalties, if any)

and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service, if requested, and comply with the tax laws of the United States. Mr. Martin agrees that the provisions set forth in the agreement concerning his obligation to file amended tax returns is an appropriate condition of Probation.

No Other Promises

This agreement constitutes the plea agreement between Mr. Martin and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Anthony Moscato
Assistant U.S. Attorney

APPROVED:

Rahul Agarwal
Deputy Chief, Criminal Division

I have received this letter from my attorney, Jack D. Arseneault, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I fully understand this letter. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 1-2-2019
Arthur N. Martin III
Defendant

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client fully understands this plea agreement and wants to plead guilty pursuant to it.

_____  Date: 1/2/19
Jack D. Arseneault, Esq.
Counsel for the Defendant

## Plea Agreement with Arthur N. Martin III

### Schedule A

1. This Office and Mr. Martin agree to stipulate to the following:

    a. The intended loss resulting from Mr. Martin's criminal conduct is more than $150,000 but not more than $250,000.

    b. Mr. Martin has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged, and he has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.

2. In accordance with the above and under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of three years' probation and a $12,000 fine due on the date of sentencing is reasonable taking into account all of the factors under Title 18, United States Code, Section 3553(a), and neither party will argue for a sentence above nor below this stipulated sentence. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea, and the parties will be returned to the status prior to entry of the plea.